UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY BLISS,<br><br>            Plaintiff,<br><br>      v.<br><br>QUALITY LOAN SERVICE CORPORATION, et al.,<br><br>            Defendants. | No.  2:23-cv-02614 DJC AC PS<br><br><br>SECOND ORDER TO SHOW CAUSE |

Plaintiff is proceeding in this action pro se.  The action was accordingly referred to the undersigned by Local Rule 302(c)(21).  Plaintiff initially filed this case on October 10, 2023 in the Superior Court of the State of California, in and for the County of Nevada, entitled <u>Kay Bliss v. Quality Loan Service Corporation</u>, as Case No. CU0001017 ("State Action").  ECF No. 1 at 2.  On November 9, 2023, the case was removed to this court pursuant to 28 U.S.C. §1331.  ECF No. 1 at 1.  On November 16, 2023, defendants filed a motion to dismiss.  ECF No. 4.  The hearing was set for January 10, 2024.  ECF No. 7.  Plaintiff did not timely respond to the motion, and the court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute.  ECF No. 12.

On January 3, 2024, plaintiff filed a document entitled "Rebuttal to Motion to Dismiss and Opportunity to use Administrative Remedy to Collect Evidence and Stipulation of Material Facts

by Agreement of the Parties and Judicial Notice required of Federal Land Patent." ECF No. 13. In the body of this document, plaintiff argues that counsel representing the defendants are not entitled to litigate this matter, and that she is seeking administrative relief from the California State Bar Association. ECF No. 13 at 2. This argument is not responsive to the motion to dismiss, and does not provide a ground to delay ruling on the motion to dismiss. Second, plaintiff states that defendants stipulated to facts in state court regarding "Ballot Measure 12" which was ratified on in 1960 and "removes the constitutional authority that all State Agencies have." ECF No. 13 at 3. This contention is also non-responsive to the motion to dismiss, because any such stipulation is not before this court. Even if the court were to acknowledge the existence of such a stipulation, it would have no effect here because the parties cannot stipulate to matters of law. Finally, plaintiff asks the court to take judicial notice of "the federal Land Patent for the land and hereditaments, commonly known as 14207 Chestnut Court," asserting that a federal land patent is the "highest form of title and is superior to all others." ECF No. 13 at 4. Plaintiff does not provide a copy of any document for the court to take judicial notice of. This portion of the document is non-responsive to the motion to dismiss.

Because plaintiff's filing is non-responsive to the motion to dismiss, the court construes it as a miscellaneous filing and will give plaintiff a final opportunity to submit a responsive opposition to the pending motion to dismiss. IT IS HEREBY ORDERED that plaintiff shall file an opposition that responds to defendants' arguments for dismissal – or a Statement of Non-Opposition – no later than **January 24, 2024**. Failure to file an opposition, including the filing of another non-responsive document, will be deemed a statement of non-opposition and may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

DATED: January 9, 2024

_allison claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE