UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY BLISS, | No. 2:23-cv-02614 DJC AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| QUALITY LOAN SERVICE CORPORATION, et al., | |
| Defendants. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). This case was removed from Nevada County Superior Court on November 9, 2023 by defendants PNC Financial Group, William S. Demchak, and Gregory B. Jordan. ECF No. 1. These defendants move to dismiss this case in its entirety. ECF No. 4. For the reasons that follow, the undersigned recommends that the motion be granted and that the case be DISMISSED.

**I. Background**

    A.    <u>The Complaint</u>

Plaintiff Kay Bliss (who refers to herself not as a plaintiff but rather as the "Sovereign-in-Party") has filed a set of documents which constitute the operative pleading, entitled "To the Clerk of the Court: Prerogative Notice to 'File on Demand'" and "Prerogative Direction to Quiet

1

1  Title, and for Compensation for Damages from Fraud." ECF No. 1 at 5-44 ("Complaint").
2  Plaintiff commenced her action in the Superior Court of California, County of Nevada, on
3  October 10, 2023. Id. On November 9, 2023, defendants filed a notice of removal of the action
4  to this United States District Court for the Eastern District. Plaintiff's claims are based on a
5  Notice of Trustee Sale that was recorded September 1, 2023 and the subsequent foreclosure sale
6  of property located at 14207 Chestnut Court, Penn Valley, California ("the Property"). Plaintiff
7  claims the sale was fraudulent on the basis that "the alleged Trustee, its live agent is required to
8  have the original Promissory Note in their possession when conducting a Trustee Sale, so that at
9  the close of the foreclosure sale process they will be able to return the wet-ink original
10 Promissory Note to the undersigned Sovereign-in-Party." Id. Plaintiff alleges Quality Loan
11 Service Corporation is the Trustee for PNC Financial Services Group. Id.

12  Plaintiff alleges defendants are liable for fraud due to their failure to produce the original
13 Note (Fraud Count One) and for presenting themselves as "licensed and regulated by the
14 'CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION'
15 (DFPI)" (Fraud Count Two). Id. at 12-13. Plaintiff asks for a "Quiet Title judgment." Id. at 13.
16 Plaintiff alleges that the "Adverse Parties by their silence agreed to a fee schedule for their
17 fraudulent actions." Id. at 13.

18      B. Motion to Dismiss

19  All defendants who have appeared now move to dismiss on the grounds that plaintiff does
20 not state any plausible legal claim. ECF No. 4. Plaintiff filed an opposition. ECF No. 16.
21 Moving defendants filed a reply brief. ECF No. 19.

22                **II. Analysis**

23   A. Legal Standards Governing Motions to Dismiss

24  "The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
25 sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
26 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
27 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901
28 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a

complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
////

1  unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809

2  F.2d 1446, 1448 (9th Cir. 1987).

3        B.  Plaintiff Cannot State a Fraud Claim

4      To assert a cause of action for fraud, a plaintiff must allege the following: (1) a

5  misrepresentation by the defendant; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable

6  reliance; and resulting damages.  Clark v. Countrywide Home Loans, Inc., 732 F.Supp.2d 1038,

7  1044 (E.D.Cal. 2010).  "All claims for fraud must comply with Federal Rule of Civil Procedure

8  9(b), which requires that a plaintiff to clearly set forth the 'who, what, when, where, and how'

9  concerning their fraud allegations."  Id. at 1043 ("Upon removal to federal court, all claims for

10 fraud must be pled with sufficient particularity to satisfy Federal Rule of Civil Procedure Rule

11 9(b)"); Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc., 868 F.Supp.2d 983, 991

12 (E.D.Cal. 2012) ("The Rule 9(b) particularity standard requires 'an account of the time, place, and

13 specific content of the false representation, as well as the identities of the parties to the

14 misrepresentations . . . The purpose of this heightened pleading standard is to protect defendants

15 from the 'reputational harm' associated with fraud allegations")

16     Here, plaintiff failed to allege the elements of fraud with specificity against any of the

17 defendants.  With respect to "Fraud Count Two," plaintiff asserts that defendants fraudulently

18 represent themselves as being licensed by state agency DFPI, and cites to two statutes upon which

19 she claims entitlement to relief: 18 U.S.C. §1346 and 18 U.S.C. §1951(b)(2).  ECF No. 1 at 13.

20 Neither of these statutes has any relevance to the sole allegation associated with this cause of

21 action. 18 U.S.C. §1346, the honest services fraud statute, applies only to cases involving bribery

22 or kickback schemes, which is not applicable.  Meyer v. One West Bank, F.S.B., 91 F.Supp.3d

23 1177, 1183 (C.D.Cal. 2015).  18 U.S.C. §1951(b)(2), on the other hand, applies to criminal

24 "extortion," meaning the "obtaining of property from another, with his consent, induced by

25 wrongful use of actual or threatened force, violence, or fear, or under color of official right."

26 Ocasio v. U.S., 578 U.S. 282, 297 (2016).[1]  Plaintiff sets forth no basis or theory upon which

27 ───────────────

28 [1] While defendants did not raise the issue, the court notes for the pro se plaintiff's benefit that (continued…)

4

1  defendants' purported misrepresentation as to which California state agency regulates and
2  licenses them could possibly provide her with a viable fraud claim.  The court finds there is no
3  plausible basis for such a claim.
4  Plaintiff's "Fraud Count One" is based on the assertion that Quality Loan Service
5  Corporation, as the trustee for PNC, was required to have the original Promissory Note in their
6  possession when conducting a Trustee Sale, but courts have repeatedly held that this is a "wholly
7  discredited legal theory serially advanced in mortgage fraud cases." Clark, 732 F.Supp.2d at
8  1043.  "It is well established that there is no requirement under California law that the party
9  initiating foreclosure be in possession of the original note." Id.; Nool v. HomeQ Servicing, 653
10 F.Supp.2d 1047, 1053 (E.D.Cal.2009).  Because neither of plaintiff's fraud claims state any
11 possible basis for relief, dismissal is appropriate.

    C.  Plaintiff's Quiet Title Claim Fails

13 To the extent plaintiff seeks to quiet title to the Property, the request is entirely
14 unsupported.  Plaintiff alleges that there is a cloud on the title to the Property which has caused
15 uncertainty, but does not make any allegation in the complaint itself that she is the actual owner
16 of the property or that she has paid any outstanding debt or mortgage on the property.  A
17 borrower may not quiet title against a secured lender without first paying the outstanding debt on
18 which the mortgage or deed of trust is based; the cloud on title remains until the debt is paid.
19 Luceras v. BAC Home Loans Servicing, LP., 221 Cal. App. 4th 49, 86 (2013).
20 In her opposition, plaintiff clarifies the basis for her belief that title should be quieted in
21 her favor by asserting that the "subject property is part of a valid land patent." ECF No. at 16 at
22 3. Plaintiff asserts that the "allodial title is superior to all claims to the land and hereditaments."
23 Id. at 3-4.  She attaches an affidavit, which she signed and appears to have drafted, stating she has
24 accepted a land patent on the Property. Id. at 9-11.  She also attaches illegible copies of what

---

these statutes are part of the criminal code and neither give rise to a private cause of action.  A citizen does not have authority to bring criminal charges.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

appears to be a response to a public information request from the California Bureau of Land Management. Id. at 12-15.

Land patents cannot be used as a defense to contest a lender's foreclosure sale. See Basulto v. GMAC Mortgage, 2009 WL 1658033, at *2, 2009 U.S. Dist. LEXIS 50116, *4 (N.D. Cal. June 12, 2009) (citing Nixon v. Phillipoff, 615 Supp. 890, 895 (N.D. Ind. 1985) ("holding 'land patent claim,' when raised to avoid foreclosure is 'spurious' and a 'frivolous legal nullity that [does] not and [can] not affect the title to the mortgaged land at issue in [an] underlying foreclosure action.'"); Barbieri v. Aurora Loan Services, 2011 WL 13277763, at *2, 2011 U.S. Dist. LEXIS 165864, *6 (N.D. Cal. July 1, 2011) (holding that the borrower may not assert a "land patent" defense to avoid foreclosure). In Barbieri, the court aptly noted, "[w]hatever [the borrower's] belief as to his interest in the subject property (he characterizes his title as 'allodial'), the fact remains that he willingly entered into a loan secured by a deed of trust on the property. He may not, after the fact, avoid his contractual obligations to pay his loan obligations on penalty of foreclosure by asserting fanciful claims of superior title." Barbieri, 2011 WL 13277763, at *2. Thus, to the extent plaintiff is asserting a land patent claim to challenge the foreclosure of the Property, such claim is without merit and must be rejected.

D. Plaintiff Raises Several Non-Responsive and Frivolous Arguments

In the opposition, plaintiff makes a frivolous and irrelevant argument that defendants' counsel "refused" to produce a copy of their law license to plaintiff in response to her public record request and that defendants should not continue to use the services of unlicensed attorneys in this action. As the court previously explained to plaintiff in its January 9, 2024 order, this argument is not responsive to the Motion to Dismiss. ECF No. 15.

Plaintiff also alleges in her complaint that the "Adverse Parties" failed to stipulate to certain "material facts" posed by Plaintiff concerning Defendants' "constitutional authority to sell, service, or foreclose on mortgage notes in California." ECF No. 1 at 2. In the opposition, plaintiff contends that the "Adverse Parties" would "include everyone named as a Defendant in this matter" and that the "Stipulation of Material Facts and Agreement by the Parties is to establish if we can come to an administrative agreement before entering the court." ECF No. 16

at 4. This argument is also not responsive to the Motion to Dismiss.

Finally, plaintiff argues that should defendants' counsel "persist in their refusal to produce their license with oath . . . then the remedy for their refusal is to provide a summary judgment in favor of Kay: Bliss. This judgment shall invalidate the trustee sale. . ." ECF No. 16 at 5. Not only is this argument unresponsive to the Motion to Dismiss but it is also improper to the extent plaintiff is requesting summary judgment. A party seeking summary judgment must file and serve a formal noticed motion and comply with the requirements of Federal of Civil Procedure 56(a)-(e). (Fed. R. Civ. P. 56(a)-(e).)

E. The Case Should be Dismissed Entirely and Leave to Amend is Futile

Plaintiff's complaint is fatally flawed because it does not present any civil cause of action. It is clear from the content of the complaint and plaintiff's other filings that leave to amend would be futile. Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured. Noll, 809 F.2d at 1448.

The court recognizes that defendants Quality Loan Service Corporation, Kevin McCarthy, and Rochelle Matkin have not appeared and have, therefore, not moved to dismiss. Still, the court should dismiss the claims against them. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury of U. S. of Am., 644 F.2d 1341, 1345 (9th Cir. 1981). Here, the complaint is equally defective as to all defendants because it is entirely without any legal or factual basis. Further, the claims appear to be alleged equally against all defendants. Because the claims against the non-moving defendants are substantially the same as those against the moving defendants, the non-moving parties are equally entitled to dismissal for the reasons explained above. Under these circumstances, dismissing case against the non-moving defendants is proper.

////

////

### III. Pro Se Plaintiff's Summary

It is being recommended that defendants' motion to dismiss be granted and that this case be dismissed. You may file objections to the recommendation within 21 days. The District Judge assigned to this case will issue the final order.

### IV. Conclusion

Accordingly, the undersigned recommends that the motion to dismiss (ECF No. 4) be GRANTED and that this case be dismissed in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 7, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE